IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENISHA WRIGHT<br>26 Ship Mill St. #1-204<br>Columbus, Ohio 43207<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SCHENKER, INC.<br>1305 Executive Blvd<br>Suite 200<br>Chesapeake, Virginia 23320<br><br>　　**Serve also:**<br>　　SCHENKER, INC.<br>　　c/o Statutory Agent<br>　　CT Corporation System<br>　　4400 Easton Commons Way<br>　　Suite 125<br>　　Columbus, Ohio 43082<br><br>　　-and-<br><br>DB Schenker<br>2525 Rohr Road, Unit D<br>Lockbourne, Ohio 43137<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Genisha Wright, by and through undersigned counsel, states and avers the following for the Complaint against the Defendants:

### PARTIES AND VENUE

1. Wright is a resident of Columbus, Franklin County, Ohio.

2. At all times herein, Wright was acting in the course and scope of her employment.

3. Defendants, Schenker, Inc. and DB Schenker (hereinafter "Schenker") does business at 2525 Rohr Road, Unit D, Lockbourne, Ohio 43137.

4. Schenker is, and at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. All of the material events alleged in this Complaint occurred in Franklin County, Ohio.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Wright is alleging Federal Law Claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e., and The Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq*.,

7. This Court has supplemental jurisdiction over Wright's state law claims pursuant to 28 U.S.C. § 1367 as Wright's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Wright filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission (OCRC), Charge No. 22A-2022-04355 and COL71(50105)08232022; against Schenker ("Wright Charge").

10. On or about October 6, 2023, the OCRC issued a Notice of Right to Sue letter to Wright regarding the Charges of Discrimination brought by Wright against Schenker in the Wright Charge.

11. Wright has filed this Complaint within the statutory limits of the issuance of the Notice of Right to Sue letter.

12. Wright has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

13. Wright is a former employee of the Schenker.

14. Wright was hired by Schenker in or about June 2019.

15. Wright was employed by Schenker in the position of warehouse worker.

16. Schenker was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

17. Wright is female.

18. In or about March 2022, Wright informed Schenker that she was pregnant.

19. In or about March 2022, Wright informed Schenker that she needed Family Medical Leave due to her pregnancy and to give birth ("First Notification of FMLA Qualifying Event").

20. The birth of a child is a qualified event under the FMLA.

21. As a result of the First Notification of FMLA Qualifying Event, Schenker was aware that Wright was requesting leave for a qualified event.

22. Schenker is a qualified employer under the FMLA.

23. In or about March 2022, Wright submitted official paperwork to Schenker regarding her requested maternity leave ("Second Notification of FMLA Qualifying Event").

24. As a result of the Second Notification of FMLA Qualifying Event, Schenker was aware that Wright was requesting leave for a qualified event.

25. As of March 2022, Wright had worked for the Schenker for at least 12 months.

26. As of March 2022, Wright had at least 1,250 hours of service for the Schenker during the previous 12 months.

27. In or about March 2022, Wright qualified for FMLA leave in connection with her pregnancy.

28. In or about March 2022, Wright was eligible to utilize FMLA leave due to her pregnancy.

29. In or about March 2022, Wright was entitled to utilize FMLA leave due to her pregnancy.

30. In or about March 2022, Wright received approval for intermittent FMLA leave due to her pregnancy.

31. On or about August 10, 2022, Wright used her FMLA leave for a doctor's appointment.

32. On or about August 11, 2022, Schenker requested Wright fill out additional paperwork related to her FMLA leave.

33. On or about August 11, 2022, Schenker added points to Wright's attendance record for utilizing her FMLA leave ("First Adverse Employment Action").

34. On or about August 11, 2022, Wright complained to Schenker about gender and pregnancy discrimination ("Report of Discrimination").

35. After Wright's Report of Discrimination, on or about August 11, 2022, Schenker terminated Wright's employment ("Termination").

36. The Termination is an adverse action.

37. The Termination is an adverse employment action.

38. The Termination was based on Wright's gender.

39. The Termination was based on Wright's pregnancy.

40. The Termination was based on Wright's request and utilization of FMLA.

41. Schenker has a policy against discrimination ("Discrimination Policy").

42. The Termination is a violation of the Discrimination Policy.

43. Schenker has a progressive disciplinary policy.

44. Schenker used a progressive disciplinary policy.

45. Schenker used a progressive disciplinary policy for employees who were not pregnant.

46. Schenker used a progressive disciplinary policy for employees who were not on FMLA intermittent leave.

47. Under the progressive disciplinary policy, Wright had not been given a verbal warning related to the Stated Basis for Termination.

48. Under the progressive disciplinary policy, Wright had not been given a written warning related to the Stated Basis for Termination.

49. Under the progressive disciplinary policy, Wright had not been given a final written warning related to the Stated Basis for Termination.

50. Under the progressive disciplinary policy, Wright had not been given a suspension related to the Stated Basis for Termination.

51. Prior to terminating Wright, Schenker never issued any written communication criticizing Wright for any reason related to the Stated Basis for Termination.

52. Schenker's stated basis for termination was that Wright had accrued too many points related to attendance ("Stated Basis for Termination").

53. The Stated Basis for Termination has no basis in fact.

54. The Stated Basis for Termination did not actually motivate Schenker's decision to terminate Wright's employment.

55. The Stated Basis for Termination was insufficient to motivate the termination of Wright's employment.

56. The Stated Basis for Termination was pretext to terminate Wright's employment.

57. Schenker did not terminate similarly situated employees for a reason like the Stated Basis for Termination.

58. The Termination caused Wright emotional distress.

59. The Termination was retaliation for Wright taking and utilizing FMLA.

60. The Termination was because of Wright's gender.

61. The Termination was because of Wright's pregnancy.

62. The Termination constitutes retaliation.

63. The Termination constitutes gender discrimination.

64. The Termination constitutes pregnancy discrimination.

65. There was a causal connection between Wright's gender and the Termination.

66. There was a causal connection between Wright's pregnancy and the Termination.

67. There was a causal connection between Wright's FMLA request/utilization and the Termination.

68. As a result of Schenker's unlawful acts, Wright has suffered, and will continue to suffer, pecuniary harm.

69. As a result of Schenker's unlawful acts, Wright has suffered, and will continue to suffer, emotional distress.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112 *et seq.*** 

70. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Schenker took adverse employment actions against Wright based on Wright's gender.

72. Schenker took adverse employment actions against Wright because Wright is female.

73. Schenker violated R.C. § 4112.02(A) when it took adverse employment actions against Wright based on Wright's gender.

6

74. Schenker violated R.C. § 4112.02(A) when they engaged in disparate treatment based on Wright's gender.

75. Wright suffered damages as a proximate result of Schenker's conduct based on Wright's gender.

76. As a direct and proximate result of Schenker's gender-based conduct, Wright has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF R.C. § 4112 *et seq.*

77. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Schenker took adverse employment actions against Wright based on Wright's pregnancy.

79. Schenker violated R.C. § 4222.02(A) when they took adverse employment actions against Wright based on Wright's pregnancy.

80. Schenker violated R.C. § 4222.02(A) when it engaged in disparate treatment based on Wright's pregnancy.

81. Wright suffered damages as a proximate result of Schenker's conduct based on Wright's pregnancy.

82. As a direct and proximate result of Schenker's pregnancy-based conduct, Wright has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

83. Wright restates each and every prior paragraph of this complaint, as if it were fully restated herein.

84. As a result of Schenker's discriminatory conduct described above, Wright complained about the gender discrimination Wright was experiencing.

85. As a result of Schenker's discriminatory conduct described above, Wright complained about the pregnancy discrimination Wright was experiencing.

86. As a direct and proximate result of Wright's report of unlawful discrimination and harassment by Schenker, Schenker took adverse employment actions against Wright.

87. As a direct and proximate result of Wright's report of unlawful discrimination by Schenker, Schenker took adverse actions against Wright.

88. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

89. As a direct and proximate result of Schenker's retaliatory conduct against and termination of Wright's employment, Wright suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

90. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

92. Schenker is a covered employer under FMLA.

8

93. During her employment, Wright qualified for FMLA leave.

94. During her employment, Wright attempted to request FMLA leave by asking Schenker if she qualified to take FMLA leave.

95. Schenker unlawfully interfered with Wright's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

96. Schenker's act of adding points to Wright's attendance during her FMLA leave violated and interfered with Wright's FMLA rights.

97. Schenker' act of threatening to review Wright's FMLA benefits and usage violated and interfered with Wrights's FMLA rights.

98. Schenker violated section 825.300(c)(1) of FMLA and interfered with Wright's FMLA rights when Schenker did not honor Wright's approved use of FMLA leave.

99. As a direct and proximate result of Schenker's conduct, Wright is entitled to all damages provided for in 29 U.S.C. § 2617.

## COUNT V: RETALIATION IN VIOLATION OF FMLA

100. Wright restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. During her employment, Wright utilized FMLA leave.

102. After Wright utilized her qualified FMLA leave, Schenker retaliated against her.

103. Schenker retaliated against Wright by terminating her employment.

104. Schenker willfully retaliated against Wright in violation of 29 U.S.C. § 2615(a).

210. As a direct and proximate result of Schenker's wrongful conduct, Wright is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

**DEMAND FOR RELIEF**

WHEREFORE, Genisha Wright demands from Schenker the following:

(a) Issue a permanent injunction:

    (i) Requiring Schenker to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Schenker to restore Wright to one of the positions to which Wright was entitled by virtue of Wright's application and qualifications, and expunge Wright's personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Wright for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Wright claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney For Plaintiff Genisha Wright*

## JURY DEMAND

Plaintiff Genisha Wright demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)